UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br>　　　　Plaintiff,<br>　　v.<br>S. HATTON, et al.,<br>　　　　Defendants. | Case No. 17-cv-06612-SI<br><br>**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**<br>Re: Dkt. Nos. 9, 10 |

In this *pro se* prisoner's civil rights action filed under 42 U.S.C. § 1983, Ronald Inman alleged claims based on urine tests and the discipline he later received for failing to submit a urine sample. The court dismissed all of his claims for the reasons discussed in the March 1, 2018 order of dismissal with leave to amend, and granted him leave to file an amended complaint because it could not be said with certainty that he could not cure the deficiencies discussed in the order. Docket No. 7.

Inman then filed an amended complaint. Docket No. 10. The amended complaint largely repeats the same facts that were alleged in the original complaint and that the court earlier determined failed to state a claim. A summary of those allegations, as well as the detailed analysis of them, is found in the order of dismissal with leave to amend (Docket No. 7) and will not be repeated here.

The amended complaint fails to state a claim upon which relief may be granted. Claim 1, regarding the February 14, 2017 urinalysis ("UA") test by C/O Martinez, fails to state a claim for the reasons explained in Docket No. 7 at 6-10. Claim 2, regarding the February 24, 2017 hearing on the rule violation report for the February 14, 2017 UA test, fails to state a claim for the reasons explained in Docket No. 7 at 10-13 & n.3. Claim 3, regarding the April 4, 2017 UA test and the

rule violation report based on it, fails to state a claim for the reasons explained in Docket No. 7 at 6-7, 9-10, and 12-13. Claim 4, regarding the hearing on the rule violation report for the April 4, 2017 UA test, fails to state a claim for the reasons stated in Docket No. 7 at 12-14. Further leave to amend on these claims will not be granted because it would be futile. The court has already identified the deficiencies in the claims, and plaintiff was unable to overcome those deficiencies in his amended complaint. One portion of the amended complaint (i.e., Claim 5) will be dismissed with leave to amend, however.

Inman alleges in Claim 5 that prison officials refuse to allow a blood draw rather than a urine test as an accommodation for his paruresis.[1] Docket No. 10 at 13. He alleges that, as a result of correctional officer Martinez's harassment of him during a February 14, 2017 random urine test, he developed paruresis. Docket No. 10 at 13. He further alleges that he filed a CDCR-1824 request for a reasonable accommodation requesting that he be tested using a blood draw instead of a urine test. *Id.* His request allegedly was denied. *Id.* The CDCR-1824 form attached to the amended complaint appears to be the form used to seek a reasonable accommodation for a disability. *Id.* at 126-28. Inmate appeal forms attached to the amended complaint indicate that that Inman later filed an unsuccessful inmate health care appeal about the denial of his request for a reasonable accommodation. *Id.* at 129-39.

Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R.

---

[1] Paruresis, also known as a bashful bladder or shy bladder syndrome, is described in a Wikipedia article attached to the amended complaint as "a type of phobia in which the sufferer is unable to urinate in the real or imaginary presence of others, such as in a public restroom." Docket No. 10 at 100.

2

§ 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

The proper defendant for a claim under Title II of the ADA and § 504 of the RA is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases). *But cf. Eason v. Clark County School Dist.*, 303 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and RA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

The amended complaint indicates that Inman wants to pursue a claim under the ADA and RA, but the pleading is deficient. First, Inman has not identified a proper defendant for a claim under the ADA and RA. Here, the proper defendant for an ADA and RA claim would be the CDCR or the prison as the entity that allegedly denied Inman his rights under the ADA and RA. In his second amended complaint, Inman must name a proper defendant, such as the CDCR or Correctional Training Facility or the warden of that prison solely "in his official capacity." *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (suit against a person in his official capacity is considered to be a suit against the entity of which the officer is an agent). Second, Inman must be clear in his second amended complaint about the particular disability he claims to have as well as the particular accommodation he claims the institution will not provide for him. Although he

3

alleged in his amended complaint that he had paruresis, some portions of his inmate appeals attached to that amended complaint mention PTSD. In his second amended complaint, Inman does not need to recount how he came to have paruresis (or PTSD) because the cause of a disability generally does not matter in an ADA and RA claim; it is the existence of a disability that is critical. If Inman wishes to assert a claim for relief under the ADA and the RA, he must file a second amended complaint in which he names a proper defendant, alleges a claim for an ADA and RA violation, identifies the disability or disabilities for which accommodation was sought, and list the modifications and accommodations that were not provided.

For the foregoing reasons, the amended complaint is dismissed for failure to state a claim upon which relief may be granted. All of the claims in the amended complaint are dismissed without further leave to amend, except for the ADA and RA claims. The court will permit Inman to file a second amended complaint, but that second amended complaint must be limited to the assertion of a claim under the ADA and RA. Inman must not repeat any of his other claims in that second amended complaint. Inman must file a second amended complaint no later than **September 7, 2018**, asserting his ADA and RA claims. Failure to file the second amended complaint by the deadline will result in the dismissal of this action.

Finally, because Inman recently filed another action complaining about the disclosure of his mental health records (*Inman v. Bechtold*, No. 18-cv-2062 SI), the court wants to make it clear to Inman that his mental health records almost certainly will be subject to discovery by defendant(s) and some parts may be submitted as exhibits in this action if service of process is ever ordered on defendant(s). The nature of his claim, i.e., that he has a phobia that is not being accommodated, plainly will involve examination of his mental health records. This is not mentioned to deter Inman, but simply to make him aware that he cannot litigate a claim based on a mental health issue and expect not to have his mental health become an issue.

///

///

4

1     Plaintiff's request for an extension of the deadline to file an amended complaint is GRANTED. Docket No. 9. The amended complaint is deemed to have been submitted on time.

**IT IS SO ORDERED**.

Dated: August 1, 2018

_____
SUSAN ILLSTON
United States District Judge