UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HATTON, et al.,<br><br>    Defendants. | Case No. 17-cv-06612-SI<br><br>**ORDER**<br><br>Re: Dkt. No. 12 |

Ronald Inman, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* prisoner's civil rights action. The court is awaiting his amended complaint. The matter is now before the court for consideration of a letter filed by Inman in which he expresses several concerns. He complains that he declined to proceed before a magistrate judge, yet "received dismissals on both cases [i.e., 17-cv-6602 SI and 18-cv-2062 SI] from Magistrate Judge Susan Illston." Docket No. 12. He further requests "that a 'real judge' rehear [his] cases because [he] believe[s] that Judge Illston is biased against inmates." *Id.* Otherwise, he wants a refund of his filing fees. *Id.*

Inman's argument that the undersigned lacks authority because he did not consent to proceed before a magistrate judge is frivolous. The undersigned is a district judge, not a magistrate judge. Even if the undersigned was a magistrate judge, there would not be any problem because, contrary to his present assertion, Inman did consent to proceed before a magistrate judge. *See* Docket No. 2. His request to have this action reassigned is DENIED. Docket No. 12.

Out of an abundance of caution, Inman's assertion that he believes the undersigned "is biased against inmates" will be construed to be a request for recusal. The undersigned evaluates the request bearing in mind the rule that, absent a legitimate reason to recuse herself, a judge has a

duty to sit in judgment in all cases assigned to that judge. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

Recusal is the process by which a federal judge may be disqualified from a given case. Requests to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976).

Inman's recusal request does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory and do not allege an extrajudicial basis for the claimed bias or prejudice. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). It is not sufficient to simply urge that a judge is biased because she has ruled against the litigant in this or another action; it is incumbent on the party seeking recusal to how an adverse ruling reflects bias, and Inman has not done so. For similar reasons, the motion is insufficient to show bias under § 455. It is well-established that actions taken by a judge during the normal course of court proceedings are not a proper ground for disqualification – and Inman's complaints are of just this sort, as he complains about the rulings in this and a second action he filed. Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); *Toth, 8*62 F.2d at 1387-88 (same). Inman's recusal request must be rejected for the additional reason

that he did not provide a sworn statement or a declaration signed under penalty of perjury. The recusal request is DENIED. Docket No. 12.

Inman's request for a refund of his filing fees is DENIED. Docket No. 12. The filing fee obligation was incurred when he filed the action. It remains due, regardless of the outcome of the action or any rulings in the action.

**IT IS SO ORDERED**.

Dated: September 12, 2018

SUSAN ILLSTON
United States District Judge